**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 03 2013



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARIN GASTON,

Plaintiff - Appellant,

v.

CARLEEN ST CLAIR, Prosecutor, Snohomish County Superior Courts,

Defendant,

and

SNOHOMISH COUNTY,

Defendant - Appellee.

No. 11-35896

D.C. No. 2:11-cv-00672-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Darin Gaston, a Washington state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that Snohomish County violated his constitutional rights when two prior convictions were included in the calculation of his offender's score for purposes of sentencing. We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Gaston's action because Gaston failed to allege that any constitutional deprivation occurred as a result of a custom or policy of Snohomish County. *See Mabe v. San Bernardino Cnty, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (to establish municipal liability under § 1983, plaintiff "must show that (1) [he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was the 'moving force behind the constitutional violation.'" (citation omitted)).

The district court did not abuse its discretion in denying Gaston's motion for appointment of counsel because Gaston failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

2                                                                                           11-35896

forth standard of review and the requirement of "exceptional circumstances" for appointment of counsel in civil cases).

    **AFFIRMED.**